UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Case No. _____

| | |
|---|---|
| James O. Nickelson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | (**JURY TRIAL DEMANDED**) |
| McLeod Health, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action is brought to remedy discrimination on the basis of sex and religion and to remedy retaliation in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* (Title VII) and S.C. Human Affairs Law, S.C. Code §1-13-20 and 1-13-80.

This Court has jurisdiction of this matter under 42 U.S.C. §2000e-5(f), and under 28 U.S.C. §§1331 and 1343(4).

1. Plaintiff is a male citizen of the United States and a resident of Florence County, South Carolina.

2. On or about January 5, 2015, the Equal Employment Opportunity Commission issued Plaintiff a notice informing him of his right to sue defendant.

3. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of this Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e - 5(f)(3).

1

4.  Plaintiff, James O. Nickelson, was employed with McLeod Health from July 1, 2012 to June 11, 2014, most recently as a representative in the Reservations and Scheduling Department.

5.  Plaintiff was discharged for allegations of falsification of documentation regarding his productivity; however, Defendant failed to produce any proof of falsification during Plaintiff's unemployment claim.

6.  Over the course of Plaintiff's employment, Plaintiff was the victim of unlawful sexual harassment and retaliation in ways to include but not limited to the following:

    a.  Plaintiff was sexually harassed by his director Mr. Faulkenberry, although Faulkenberry was aware of Plaintiff's religious views on homosexuality.

    b.  Plaintiff reported the harassment, and Defendant confirmed by letter April 21, 2014 that an investigation revealed inappropriate and disruptive behavior in the department and the report of these findings was submitted to Vice President John Bruyere.

    c.  After the investigation results in April 2014, Defendant refused to move Plaintiff to another department even after Plaintiff advised Defendant representatives that Plaintiff's director would find an excuse to fire Plaintiff.

    d.  Plaintiff was terminated by the same director who sexually harassed him for reasons that appear pretext; and Plaintiff's termination was June 11, 2014, about two months after the sexual harassment was discovered and allegedly addressed. Plaintiff was replaced by a white female.

7. Defendant allowed Plaintiff's supervisor Scott Faulkenberry to create a hostile, discriminatory and retaliatory work environment for Plaintiff which resulted in Plaintiff's termination.

8. Defendant failed to adequately address the issue of Faulkenberry's harassment and retaliation toward Plaintiff and failed to correct the behavior or transfer Plaintiff to prevent the resulting retaliatory termination by Faulkenberry.

**FIRST CAUSE OF ACTION**
**(Sexual Harassment, Religious Discrimination and Retaliation in Violation of Title VII)**

9. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 8 of this Complaint.

10. Defendant engaged in acts or practices of discrimination and discriminated against Plaintiff in the terms and conditions of his employment on the basis of sex and religion and retaliation in violation of Title VII.

11. As a result of the acts of discrimination within Defendant's employment practices and work environment, and Defendant's retaliatory actions against Plaintiff regarding his complaint of discrimination, Plaintiff has suffered emotional and economic harm, as well as harm to his reputation.

12. Defendant's acts of discrimination within Defendant's employment practices and work environment, and Defendant's retaliatory actions against Plaintiff regarding his complaint of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.

13. Plaintiff is now suffering and will continue to suffer irreparable injury, damage to his reputation and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of herein are in violation of Title VII;

B. Enjoining and permanently restraining these violations of Title VII;

C. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits;

E. Awarding Plaintiff compensatory and punitive damages in the amount to be determined by a jury;

F. Awarding Plaintiff costs of this action together with reasonable attorney fees as provided by §706(k) of Title VII, 42 U.S.C. §2000e-6(k);

G.      Directing Defendant to pay Plaintiff compensatory damages and damages for his mental anguish and humiliation; and,

H.      Awarding Plaintiff such other and further relief as this Court deems just and proper.

                      WUKELA LAW FIRM

                      By:   s/ Pheobe A. Clark
                            **Pheobe A. Clark**
                            Federal ID No. 9888
                            Post Office Box 13057
                            Florence, SC   29504-3057
                            Phone:  (843) 669-5634
April 2, 2015                Fax:     (843) 669-5150